## LESTER v. PRUDENTIAL INS. CO. OF AMERICA.
### No. 4436.

District Court, D. Massachusetts.
July 15, 1938.

Harvey & Mulcare, of Springfield, Mass., for plaintiff.

Raymond D. Houlihan and McClintock, Hoar & Houlihan, all of Springfield, Mass., for defendant.

BREWSTER, District Judge.

This suit in equity was removed to this court. Plaintiff has moved to remand. The ground for the motion is that the requisite jurisdictional amount is not shown. The motion was heard upon pleadings and an affidavit filed on behalf of the defendant.

The facts which appear are that the defendant issued a policy of insurance to plaintiff's assignor, by the terms of which it agreed to pay $100 per month in case of total and permanent disability. The insured, in August, 1933, claimed the benefits of the contract and defendant paid the monthly installments to March, 1936, when it ceased making further payments, claiming that the insured was not totally and permanently disabled.

In the bill of complaint, brought in January, 1937, plaintiff alleges that ten installments, aggregating $1,000, were then due and unpaid. He prays, however, (1) that the debt be established and execution issue; (2) that until further order of the Court the defendant make monthly payments during the period of total and permanent disability; (3) that the defendant waive all premiums during such period; and (4) that defendant be enjoined from cancelling the policy for non-payment of premiums.

The defendant alleges in its petition to remove that if the plaintiff prevails, it will be required to set up against this liability a reserve of over $11,000. If plaintiff is entitled to a decree and it were to be entered now or later, it would require the payment to the plaintiff of over $3,000.

For purposes of jurisdiction, the amount involved must be determined with reference to the situation which existed at the time of the commencement of the suit. Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687; Ford, Bacon & Davis, Inc., v. Volentine, 5 Cir., 64 F.2d 800; Mutual Life Ins. Co. of N. Y. v. Rose, D.C., 294 F. 122.

I am also of the opinion, as plaintiff contends, that the fact that the defendant has set up a reserve of over $11,000 would not affect the value of the subject-matter of the controversy. This conclusion is consistent with decisions in other jurisdictions. Berlin v. Travelers Ins. Co. of Hartford, D. C., 18 F.Supp. 126; Shabotzky v. Massachusetts Mutual Life Ins. Co., D.C., 21 F. Supp. 166; Edelmann v. Travelers Ins. Co. of Hartford, D.C., 21 F.Supp. 209. Contra Enzor v. Jefferson Standard Life Ins. Co., D.C., 14 F.Supp. 677.

There is nothing in the pleadings to indicate that the plaintiff can rely upon a repudiation or anticipatory breach of the contract of insurance. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L. Ed. 971.

It follows, therefore, that if this were an action at law, plaintiff's motion would have to be allowed. The motion, however, involves not a law action, where recovery would be limited to installments due at the time of suit, but rather a suit in equity where the amount of the judgment and execution demanded was not definitely fixed and was bound to exceed the $1,000 due at the time of suit. Furthermore, plaintiff seeks an injunction against cancellation of the policy for non-payment of premiums, thus bringing into the controversy the value of the plaintiff's rights under that contract. In the light of the circumstances existing at the time of the commencement of the suit, it could not be said that the value of the relief, for which the plaintiff prayed, would not exceed the requisite jurisdictional amount.

The case at bar comes within the doctrine applied when a suit is brought to rein-

state a policy. In such case, the rule is that the value of the right to be protected is the test of the jurisdictional amount. Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; New York Life Ins. Co. v. Kaufman, 9 Cir., 78 F.2d 398.

Obviously, the monetary value of the rights which the plaintiff sought to protect was not limited to the installments due at the time of the suit. So far as it was then possible to prophesy, there was a probability, amounting to a presumption sufficient to support defendant's allegation in its petition, that the amount in controversy exceeded the sum of $3,000, exclusive of interest and costs.

There is nothing appearing to warrant the inference that the alleged total and permanent disability of the insured would not continue long enough to bring the defendant's liability above the requisite sum. That such an inference was not unwarranted is clearly indicated by the fact that if the plaintiff prevails, he will be entitled to receive from the defendant considerably more than that amount. See Massachusetts Protective Association v. Kittles, 5 Cir., 2 F.2d 211.

The jurisdiction of this court is not defeated because it was not possible to measure with exactness the value of the object in the suit. Penn Mutual Life Ins. Co. v. Joseph, D.C., 5 F.Supp. 1003; Mutual Life Ins. Co. v. Thompson, D.C., 27 F.2d 753.

In the last cited case, the Court said (page 755):

"However, federal jurisdiction, in a case of this kind, is not necessarily defeated by even an impossibility of arriving at the exact value, or by difficulty in approximating the value, of the object sought by the bill."

I have reached the conclusion, therefore, that this Court has jurisdiction to entertain the suit in equity, and plaintiff's motion to remand is denied.