330 F.2d 480
 INDUSTRIAL ELECTRONICS CORPORATION, a New Jersey
corporation, Plaintiff-Appellant,
v.
C. Richard CLINE, individually and d/b/a West Penn
Electrical Supply Co., and Sidney Gottlieb,
Defendants-Appellees.
 No. 14701.
 United States Court of Appeals Third Circuit.
 Argued March 17, 1964.
Decided April 21, 1964.
 
 Martin L. Duyk, Newark, N.J. (James R. Orr, G. Donald Gerlach, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Furst, Furst & Feldman, Newark, N.J., on the brief), for appellant.
 Milton W. Lamproplos, Pittsburgh, Pa. (Robert C. McCartney, Eckert, Seamans & Cherin, Pittsburgh, Pa., on the brief), for appellees.
 Before McLAUGHLIN, GANEY and SMITH, Circuit Judges.
 SMITH, WILLIAM F., Circuit Judge.
 
 
 1
 The complaint in this action alleges that the defendants, formerly franchise dealers under contract to the plaintiff, are engaged in business activities which violate agreements not to compete with the plaintiff for a period of one year after termination of the franchises. It is charged that these activities constitute unfair business competition. The plaintiff seeks injunctive relief and, as an incident thereto, damages and an accounting for profits. The jurisdiction of the district court was invoked on the ground of diversity of citizenship and an amount in controversy in excess of $10,000, 28 U.S.C.A. 1332(a). It should be stated that the causes of action pleaded involve an alleged breach of contract by the defendant Gottlieb, the inducement of that breach by the defendant Cline, and the business activities of both. The defendants filed an answer in which they denied the allegations of the complaint and in addition pleaded certain affirmative defenses not relevant on this appeal.
 
 
 2
 The matter came before the district court on an application for an injunction pendente lite and an order to show cause why relief should not be granted. After hearing, at which oral testimony was taken and documentary evidence produced, injunctive relief was denied on the grounds that the plaintiff had 'not sustained its burden of showing that the matter in controversy * * * exceeds the sum or value of $10,000' and had 'not sustained its burden of showing that it would be irreparably injured during the pendency of the action' if injunctive relief were not granted. The present appeal followed.
 
 
 3
 QUESTION OF JURISDICTION.
 
 
 4
 The jurisdictional allegations of the complaint having been appropriately challenged at the hearing, the court below had a right to insist, as it did, that the plaintiff prove them by a fair preponderance of the evidence. Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); Kvos, Inc. v. Associated Press, 299 U.S. 269, 277, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936); McNutt v. General Motors, etc., Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Federated Mutual Imp. & H. Ins. Co. v. Steinheider, 268 F.2d 734, 737 (8th Cir. 1959); Powder Power Tool Corp. v. Powder Actuated Tool Co., 230 F.2d 409, 414 (7th Cir. 1956). Where the challenge is interposed on an application for a preliminary injunction, the plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits. Huntington v. City of New York, 118 F. 683, 685 (Cir.Ct. S.D.N.Y.1902), affd. 193 U.S. 441, 24 S.Ct. 505, 48 L.Ed. 741 (1904); Farson v. City of Chicago, 138 F. 184 (Cir.Ct.N.D.Ill.1905); Postal Telegraph-Cable Co. v. City of Mobile, 179 F. 955, 960 (Cir.Ct.S.D.Ala.1909). If the plaintiff fails to meet this requirement, denial of injunctive relief pendente lite may be justified on this ground alone. Ibid. We are of the opinion that the conclusion of the court as to the plaintiff's failure of proof on this issue was not erroneous.
 
 
 5
 However, since it did not appear to a legal certainty that the plaintiff could not prove the jurisdictional allegations in a trial of the action on the merits, the court providently refrained from entering an order of dismissal. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); McDonald v. Patton, 240 F.2d 424, 426 (4th Cir. 1957). The court's conclusion on the question of jurisdiction must therefore be regarded as interlocutory and subject to reconsideration and change on a trial of the action on the merits. Railroad Yardmasters of America v. Pennsylvania Railroad Co., 224 F.2d 226, 229 (3rd Cir. 1955); Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 742 (2nd Cir. 1953).
 
 
 6
 QUESTION OF IRREPARABLE INJURY.
 
 
 7
 An application for an interlocutory injunction is addressed to the sound discretion of the trial court and should be granted only upon a clear showing that irreparable injury would possibly result pendente lite if relief is denied. Societe Comptoir De L'Indus, etc. v. Alexander's Dept. St., 299 F.2d 33, 35 (2nd Cir. 1962): Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, 268 F.2d 569, 573, 574 (3rd Cir. 1959); Shearman v. Missouri Pacific Railroad Company, 250 F.2d 191, 195 (8th Cir. 1957). This is also the law of Pennsylvania under which the substantive issues must ultimately be determined. Gillette Co. v. Master, 408 Pa. 202, 182 A.2d 734, 741 (1962); Schwab v. Burgess and Town Council, 407 Pa. 531, 180 A.2d 921, 922 (1962); Herman v. Dixon, 393 Pa. 33, 141 A.2d 576, 577 (1958). On appeal from the denial of injunctive relief pendente lite the scope of review is limited and the only question for decision is whether the court abused its discretion. See the federal cases above cited.
 
 
 8
 After an examination of the record in its entirety, we are of the opinion that the court below did not abuse its discretion. The evidence in the record is clearly insufficient to support a factual determination that the plaintiff would suffer irreparable injury if injunctive relief were not granted. The only competent evidence related to the possible loss of profits and these are recoverable in the law action.
 
 
 9
 EXCLUSION OF AFFIDAVITS.
 
 
 10
 The plaintiff assigns as error the refusal of the trial court to receive in evidence two affidavits, one of which was the affidavit of one Maxwell M. Bilofsky, president of the plaintiff. The stated purpose of these affidavits was to prove that the value of the right which the plaintiff sought to protect was in excess of $10,000, and that this right would suffer irreparable harm if injunctive relief were not granted. We are of the opinion that these affidavits were properly excluded.
 
 
 11
 There can be no doubt that where the right to relief is clear the court, in the exercise of its discretion, may grant an injunction pendente lite on the basis of ex parte affidavits. However, where the affidavits relate to controverted factual issues the court is not required to receive them in lieu of oral testimony. Sims v. Greene, 161 F.2d 87, 88 (3rd Cir. 1947); Warner Bros. Pictures v. Gittone, 110 F.2d 292, 293 (3rd Cir. 1940); Murray Hill Restaurant v. Thirteen Twenty One Locust, 98 F.2d 578, 579 (3rd Cir. 1938); 7 Moore's Federal Practice, P65.04(3). The court should insist, as it did here, on the presentation of oral testimony which may be subjected to the test of cross-examination. Ibid.
 
 
 12
 The judgment of the court below will be affirmed.