**YETTER HOMES, INC., Plaintiff,**

**v.**

**COASTAL CABINET WORKS, INC.,**
**Defendant.**

**Civ. A. No. 8052.**

United States District Court
E. D. South Carolina,
Charleston Division.

Oct. 14, 1964.

Richardson & Doremus, Savannah, Ga., Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., for plaintiff.

Dowling, Dowling, Sanders & Dukes, Beaufort, S. C., for defendant.

SIMONS, District Judge.

In the complaint filed with this court on May 7, 1963, plaintiff herein alleges that it is a Georgia corporation, that defendant is a South Carolina corporation and that the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000, therefore this court has jurisdiction on the basis of diversity of citizenship and amount in controversy.[1]

On May 25, 1963, defendant filed notice and motions to require the plaintiff to pay costs of a previously dismissed action under Rule 41(d) of the Rules of Civil Procedure, to dismiss the action for lack of jurisdiction on inadequacy of amount in controversy, and for a stay of proceedings in this matter until said motions could be heard. By order filed May 28, 1963, Judge J. Robert Martin stayed all proceedings pending a determination of the other motions made.

The remaining motions were heard by me in Charleston, S. C., on July 9, 1964, at which time counsel for plaintiff and defendant made extensive oral arguments. Briefs were later filed with the court.

The controversy arises over a subcontract between Coastal Cabinet Works, Inc., and Yetter Homes, Inc., in the amount of $60,750.00, for the furnishing of certain parts of prefabricated houses.[2] Upon completion of the contract there was a disagreement between the parties over various charges and allowances. At the time the dispute arose, plaintiff contends it was owed $10,033.00 by the defendant under the terms of the contract.[3] Plaintiff admits in its complaint that $786.00 was deducted by plaintiff

1. 28 U.S.C.A. § 1332.

2. Coastal Cabinet was the prime contractor on a Capehart Housing contract for

the Naval Ammunition Depot at Beaufort, S. C.

3. This amount is shown erroneously as $10,003.00 in the complaint.

from the original contract price, leaving a total original contract price of $59,-964.00; and that $49,931.00 was paid by defendant on said contract price.

On April 15, 1963, plaintiff commenced an action in the Southern District of Georgia to recover a balance of $10,-033.00 alleged to be owed by defendant. Coastal Cabinet's local South Carolina counsel associated attorneys in Savannah, Georgia to assist in the defense of the suit. On May 2, 1963 an order was issued by Federal District Judge Scarlett in Savannah, Georgia, dismissing the action without prejudice under Rule 41–A [1]; after defendant's counsel had made motions to quash service, and dismiss for lack of jurisdiction. It appears that counsel for defendant had no knowledge of this order until they were in receipt of a copy from the Clerk of Court. Suit was soon thereafter commenced in this court on an identical claim by filing of plaintiff's complaint on May 7, 1963; and the subsequent service of the summons and complaint upon the defendant.

In support of its motion to dismiss for lack of jurisdictional amount in controversy defendant filed with the court an affidavit of Carson R. Rentz, defendant's president, in which it is stated that the total contract of $60,750.00 has been paid in full to plaintiff except for the sum of $8,194.30, which, it is alleged in the affidavit, "was deducted from the contract upon final settlement * * as shown by letter dated March 28, 1961. * * * " [4] The affidavit further states that a check in the amount of $2,601.70 was included with the final settlement letter, that this check was returned during September, 1962, and that check #2110 was issued by Coastal Industries [5] in the amount of $2,601.70 payable to Yetter Homes, Inc.

In its answer to defendant's interrogatories dated July 23, 1964, plaintiff admitted that it received check #2110; issued by Coastal Industries on September 5, 1962 and *that this check was deposited to the account of Coastal Cabinet Works, Inc.* Plaintiff further stated in its answer to interrogatory #6 that the actual amount shown by its books as due from Coastal Cabinet Works, Inc., on May 7, 1963 was $7,431.00.

It is noted by the court that in plaintiff's complaint all payments made by defendant under the original contract are itemized and set forth in detail, with the exception of the payment of $2601.70 by said check received by it on September 5, 1962, several months before the commencement of the present action. If this payment had been properly acknowledged and credited, as had all other prior payments, the total maximum amount possibly due by the defendant to the plaintiff on the date of the commencement of this action could not have exceeded $7,431.00, exclusive of interest and costs, as admitted by plaintiff in answer to defendant's interrogatory #7.

■ Thus, the court finds and concludes that plaintiff herein could not possibly recover from defendant in this action, by its own admission, any amount in excess of $7,431.00,[6] exclusive of interest and costs.

However, plaintiff maintains that at the time of the payment of the $2,601.70 in September 1962, the total amount of $10,033.00 was in dispute, and that the "amount in controversy" herein is not the $7,431.00 allegedly still owed by the defendant, but rather it is the $10,033.00 which was in dispute prior to the $2,-601.70 payment.

I find no merit to this contention.

■■ The law is very clear that the plaintiff has the burden of proof at all stages of a proceeding whenever jurisdiction of the court is challenged, and it must prove that the court has juris-

---

4. See affidavit and exhibit "A" filed with defendant's motions.

5. Coastal Industries was successor to Coastal Builders.

6. Plaintiff asks in its complaint for $10,-003.00 principal and interest at 7% from March 28, 1961 and $3,500.00 attorney's fees and costs.

diction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 [1936]; In Re: Chaney, 39 F.Supp. 696 [D.C.W.D.Va., 1941]; Industrial Electronics Corp. v. Cline, 330 F.2d 480 [3rd Cir. 1964].[7] In the latter case the court said: "The jurisdictional allegations of the complaint having been appropriately challenged at the hearing, the court below had a right to insist, as it did, that the plaintiff prove them by a fair preponderance of the evidence."

In McNutt v. General Motors Acceptance Corp., supra, 298 U.S. at 189, 56 S.Ct. at 785, the court held:

"The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. *If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. * *"* [Emphasis added].

"'The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."

Counsel for plaintiff relies on the argument that "[j]urisdictional amount is determined by allegations of petition, not by amount plaintiff would be entitled to recover." Stuckert v. Alexander, 4 F.Supp. 172 [D.C.W.D.Okla., 1933]; Jones, et al., Farmers Insurance Exchange of Los Angeles, California, 112 F.Supp. 952 [D.C.W.D.Okla., 1953]. However, jurisdiction of this court must be determined by the *amount involved in this particular case*, and this amount must be determined with reference to the true balance due under the contract by defendant to plaintiff, the actual amount in controversy, at the time of the commencement of the suit. Stockman v. Reliance Life Ins. Co. of Pittsburgh, Pa., 28 F.Supp. 446, 447 [D.C.W.D.S.C.1939]; Lester v. Prudential Ins. Co. of America, 24 F.Supp. 54 [D.C. Mass.1938].

It is the court's view that the determining factor in a jurisdictional question of this nature is not the amount which a plaintiff can claim in good faith, but rather it is the *amount which the plaintiff in good faith can expect to recover in each individual case*. If the plaintiff in good faith can expect to recover from the particular law suit any amount in excess of the statutory requirements, then jurisdiction cannot be defeated if the evidence only allows a recovery less than the required amount. As succinctly stated by the Court of Appeals for the Fourth Circuit in McDonald v. Patton, 240 F.2d 424 [1957], speaking through Judge Soboleff at pages 425 and 426:

"It is the firmly established general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction; and it is indisputably the law that if the ultimate recovery is for less than the amount claimed, this is immaterial on the question of jurisdiction. Scott v. Donald, 165 U.S. 58, 17 S.Ct. 265, 41 L.Ed. 632. * * * [It] has been further recognized that while good faith

---

**7.** See cases cited therein 330 F.2d at 482.

is a salient factor, it alone does not control; *for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction.* [Emphasis added]. Such is the doctrine laid down in St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845."

In the Patton case, supra, plaintiff, in his bill of particulars, included as compensable items the towing charge for his burned vehicle $14.00, and bus fare for laborers $67.90, alleging a total amount of damages in excess of $3,000.00.[8] If both items were deducted the claim would have fallen below $3,000.00; but if either could have been included, the required jurisdictional amount would have been present. The District Court held that under North Carolina law neither of the two items was recoverable and dismissed the action for lack of jurisdiction "because the amount actually in controversy" was less than required. The Court of Appeals reversed the District Court on the grounds that "[t]he law of North Carolina does not seem to us to preclude recovery of such expenses"; [9] that it was at least debatable under North Carolina law as to whether such expenses could be recovered, so as to make the amount in controversy in excess of the statutory jurisdictional amount.

However, it is obvious in the instant case to a "legal certainty" that plaintiff could not in good faith expect to recover any amount in excess of $7,431.00, exclusive of interest and costs. There is in fact sufficient grounds to impugn plaintiff's motives and good faith in alleging the requisite jurisdictional amount, under the circumstances presented here.

It is, therefore, ordered that this action be, and the same is hereby dismissed for lack of jurisdiction. All costs shall be paid by plaintiff.

8. At the time this decision was rendered, the statutory requirement for Federal Jurisdiction was $3,000.00.

The defendant has also moved the court for an order requiring plaintiff to make payment of costs for the prior action brought in the Southern District of Georgia which has been previously dismissed by order of that court, under Rule 41(d) of the Rules of Civil Procedure. As part of the costs defendant further asks that the plaintiff be required to pay a reasonable attorney's fee for the first action. Counsel for plaintiff has advised the court that the costs of the first action, other than attorney's fees, have been paid, therefore, defendant's said motion is denied, and it is so ordered.