**SCOOPER DOOPER, INC., Appellant,**

v.

**KRAFTCO CORP.**

No. 71-1568.

United States Court of Appeals, Third Circuit.

Argued April 17, 1972.

Decided May 10, 1972.

Donald Brown, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa. (Nathan L. Posner, Victor Wright, Philadelphia, Pa., on the brief), for appellant.

Henry Kolowrat, Dechert, Price & Rhoads, Philadelphia, Pa. (Richard R. Rulon, John F. Wilson, III, Philadelphia, Pa., on the brief), for appellee.

Before ADAMS, GIBBONS and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this case brought pursuant to sections 1 and 2 of the Sherman Act, 15 U. S.C. §§ 1, 2, plaintiff, Scooper Dooper, an ice cream distributor, seeks injunctive relief and treble damages against Kraftco Corp., a diversified company which manufactures ice cream, for Kraftco's refusal to sell its ice cream products to Scooper Dooper. After obtaining a temporary restraining order, that was dissolved at the conclusion of the ten-day period provided in Fed.R.Civ.P. 65(b), Scooper Dooper sought a preliminary injunction.

Following a hearing, the district court denied preliminary relief because, in its opinion, Scooper Dooper had failed to meet its burden in two crucial respects: first, it did not appear to the court that Scooper Dooper would suffer irreparable injury if preliminary relief were not granted, and second, Scooper Dooper did not make a strong showing that it was likely to prevail on the merits. Scooper Dooper has appealed from the adverse determination.

Because, "On appeal from the denial of injunctive relief pendente lite the scope of review is limited and the only

question for decision is whether the court abused its discretion," [1] the burden on Scooper Dooper to secure a reversal is high. Almost sixty years ago this Court described the difficult position of such a plaintiff on appeal when it stated:

"It is to the discretion of the trial court and not to the appellate court, that the law has intrusted the power . . . to grant or dissolve an injunction, and the only question for an appellate court is, Does the proof clearly establish an abuse of that discretion by the trial court . . . for unless such an abuse is clearly established, or an obvious error has occurred in the application of the law, or a serious and important mistake has been made in the consideration of the proof, the judgment of the trial court must be taken as presumptively correct." Stokes v. Williams, 226 F. 148 (3d Cir. 1915), cert. denied, 241 U.S. 681, 36 S.Ct. 728, 60 L.Ed. 1234.

Much more recently, we have reaffirmed this view:

"This limited review is necessitated because the grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts, requiring a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief. Weighing these considerations is the responsibility of the district judge; only a clear abuse of his discretion will justify appellate reversal." United States Steel Corp. v. Fraternal Ass'n. of Steelhaulers, 431 F.2d 1046, 1048 (3d Cir. 1970); United States v. Ingersoll-Rand Co., 320 F.2d 509, 523 (3d Cir. 1963); see Croskey St. Concerned Citizens v. Romney, 459 F.2d 109 (3d Cir., 1972).

After a careful review of the record here, we hold that the district court did not abuse its broad discretion when it denied Scooper Dooper's motion for a preliminary injunction.

Accordingly, the judgment of the district court will be affirmed.

---

1. Industrial Electronics Corp. v. Cline, 330 F.2d 480, 483 (3d Cir. 1964).