**CIBA–GEIGY CORPORATION, Appellee,**

v.

**BOLAR PHARMACEUTICAL CO., INC., Appellant.**

No. 82–5797.

United States Court of Appeals, Third Circuit.

Argued June 16, 1983.

Decided Oct. 14, 1983.

Certiorari Denied March 4, 1984.

See 104 S.Ct. 1444.

Robert B. Jones (argued), James J. Myrick, Timothy E. Levstik, Fitch, Even, Tabin & Flannery, Chicago, Ill., James F. Keegan, Bendit, Weinstock & Sharbaugh, P.A., West Orange, N.J., Frederick L. Whitmer, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., Randolph S. Sherman (argued), Richard A. DeSevo, Kaye, Scholer, Fierman, Hays & Handler, New York City, for appellee.

---

John C. Dorfman, Dann, Dorfman, Herrell & Skillman, P.C., Philadelphia, Pa., for appellant.

Milton A. Bass, Jacob Laufer, Steven R. Trost, Bass, Ullman & Lustigman, New York City, for the Nat. Ass'n of Pharmaceutical Manufacturers, amicus curiae.

Before HUNTER and HIGGINBOTHAM, Circuit Judges, and GILES,* District Judge.

## OPINION OF THE COURT

PER CURIAM

CIBA–GEIGY Corporation ("Ciba") initiated this action on March 12, 1982, alleging that Bolar Pharmaceutical Co., Inc. ("Bolar") had violated Section 43(a) of the Lanham Trade-Mark Act, 15 U.S.C. § 1125(a) (1976) and two independent torts under New Jersey Law, "unprivileged imitation" and "passing off," by copying the trade dress of Ciba's APRESAZIDE products.

Following a lengthy hearing, the district court, 547 F.Supp. 1095, relying primarily on *SK & F Co. v. Premo Pharmaceutical Laboratories, Inc.,* 625 F.2d 1055 (3d Cir. 1980), granted preliminary injunctive relief. The injunctive relief prevented Bolar from "using any simulation, imitation or substantial duplication of [Ciba's] distinctive trade dress ... in connection with ... [Bolar's] hydralazine hydrochloride/hydrochlorothiazide products for the treatment of hypertension." IV Appendix (App.) 727. The district court based its grant of injunctive relief on its belief (1) that Ciba "demonstrate[d] a likelihood of ultimate success as to at least one of the [counts—either the Lanham-Act count or the State unfair-competition counts]; (2) that Ciba "is threatened with irreparable injury absent such

relief;" and (3) "that the balance of equities and the public interest favor such relief." IV App. at 709. Appellant Bolar argues that the district court abused its discretion and made various errors in its findings of fact and conclusions of law. But, we find no merit to appellant's arguments seeking to overturn the grant of a preliminary injunction.

■ The narrow scope of review of a district court's grant of an application for preliminary injunctive relief permits us to dissolve an injunction only if

> the trial court abuses [its] discretion, commits an obvious error in applying the law, or makes a serious mistake in considering the proof ....

*SK & F, Co. v. Premo Pharmaceutical Laboratories, Inc.,* 625 F.2d at 1066, *quoting A.O. Smith Corp. v. FTC,* 530 F.2d 515, 525 (3d Cir.1976). See *Scooper Dooper, Inc. v. Kraftco Corp.,* 460 F.2d 1204 (3d Cir.1972). Thus, an appellant who is attempting to overturn a district court order granting (or denying) a preliminary injunction carries a heavy burden. *SK & F Co. v. Premo Pharmaceutical Laboratories, Inc.,* 625 F.2d at 1066; *See, Oburn v. Shapp,* 521 F.2d 142, 147 (3d Cir.1975); *Scooper Dooper, Inc. v. Kraftco Corp.,* 460 F.2d at 1205.

■ After reviewing the record, the briefs and arguments of the parties, and Judge Sarokin's thoughtful and detailed opinion, we hold that the district court did not abuse its discretion, commit an obvious error in applying the law,[1] or make a serious mistake in considering the proof.

Accordingly, we will affirm the district court's grant of a preliminary injunction.

---

* Honorable James T. Giles, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Appellant also argues that the district court erred in failing to read *Inwood Laboratories, Inc., et al. v. Ives Laboratories, Inc.,* ("*Ives*"), 456 U.S. 844, 102 S.Ct. 2182, 2290, 72 L.Ed.2d 606 (1982), as overruling the reasonable anticipation standard in *SK & F Co. v. Premo Pharmaceutical Laboratories, Inc.,* 625 F.2d 1055

(3d Cir.1980) for the tort of "passing off" under § 43(a) of the Lanham Act. However, we need not address this issue because the district court's conclusions regarding the New Jersey state law claims of "passing off" and "unprivileged imitation" are mandated by *SK&F* and provide a sufficient independent basis for affirming the district court's grant of preliminary injunctive relief.