ADAMS, Justice.
Plaintiff, Marshall Durbin & Company, of Jasper, Alabama, asks this Court to reverse the judgment entered by the Circuit Court of Walker County, wherein the court denied plaintiff’s request for injunctive relief. We affirm.
Defendant, Jasper Utilities Board (JUB), is a corporation which owns and operates the Publicly Owned Treatments Works (POTW) that provides sewer service to approximately 3,100 users in the Jasper area. Among these users is plaintiff, Marshall Durbin & Company, a corporation engaged in the processing of poultry.
JUB had operated its existing POTW under a draft National Pollutant Discharge Elimination System (NPDES) permit issued in 1979. This draft permit expired November 30,1984. In August 1984, JUB sent an application for a new draft NPDES permit to the Alabama Department of Environmental Management (ADEM), the agency responsible for issuing these permits, and a defendant in this action. ADEM proposed a draft NPDES permit in January of 1985, but withdrew it shortly thereafter, and issued a second draft NPDES permit on May 1, 1985. As is provided for by statute and regulations, plaintiff commented on this second draft NPDES permit, advising ADEM that it contained numerous scien- *400 tifie, technical, and methodological deficiencies.
According to JUB, the standards included in the draft permit under which it was operating rendered its existing plant inadequate; thus, there was a need to build a new POTW in order to comply with the requirements of ADEM and the Environmental Protection Agency. JUB received a grant from the EPA for the construction of a new sewage treatment plant. Under this grant, the EPA was to pay 75% of the total cost of the plant, which was estimated at $5,500,000.00, and JUB was to pay the remaining 25% of the cost. After receiving this grant, JUB awarded the construction contract to the lowest bidder.
Plaintiff filed a complaint in the Circuit Court of Walker County on June 25, 1985, which sought to have JUB enjoined from constructing the new POTW until a final permit was issued by ADEM. Plaintiff contended that once ADEM had considered the data submitted by plaintiff, the final NPDES permit would be far less stringent than the draft permit, thus eliminating the need for a new POTW. Plaintiff alleged that the construction costs of the new plant would be passed along to JUB’s customers through an increase in sewage rates for plaintiff, as well as for all other rate payers in Jasper. Plaintiff also requested that the court order ADEM to issue a final NPDES permit to JUB in accordance with the data submitted to ADEM by plaintiff.
After considering all the evidence and balancing the relative hardships to each party, the trial court denied plaintiff’s request for an injunction, denied plaintiffs request for an order requiring ADEM to issue a final permit, and granted summary judgment in favor of ADEM. Plaintiff subsequently appealed.
During the pendency of this appeal, ADEM issued its final NPDES permit, which is identical to the draft permit that JUB used as a basis for its decision to construct a new POTW. Further, it appears that this final NPDES permit was not issued until ADEM had reviewed the voluminous material and documents submitted to it by plaintiff. Subsequent to issuing the final permit, ADEM filed a motion in this Court to have plaintiff’s appeal, as it related to ADEM, dismissed as moot. In its reply brief, plaintiff agrees with ADEM’s contention that the portion of this appeal relating to ADEM has been rendered moot by ADEM’s issuance of the final permit. Therefore, the single issue before us for our resolution is whether the trial court abused its discretion when it denied the injunctive relief sought by plaintiff.
It is a well settled principle of law in Alabama that a trial court is afforded a wide degree of discretion in a preliminary injunction action and, absent a gross abuse of this discretion of the type that would constitute a manifest injustice unless corrected, the court’s discretion will not be disturbed on appeal. Howell Pipeline Company v. Terra Resources, 454 So.2d 1353 (Ala.1984). Equally important is the proposition stated by this Court in Alabama Education Association v. Board of Trustees of the University of Alabama, 374 So.2d 258 (Ala.1979):
Furthermore, the law in this State is settled that, on a motion for preliminary injunction, the burden is on complainant to satisfy the court that there is at least a reasonable probability of ultimate success on the merits of the controversy. Postal Telegraph v. City of Mobile, 179 F. 955 (C.C.S.D.Ala.1909).
374 So.2d at 261.
On appeal, plaintiff argues that we should reverse the trial court’s judgment and order the court to issue an injunction' pending the issuance of the final NPDES permit, because that permit will contain less stringent standards. However, that permit has already been issued, and, in fact, is identical to the draft permit. Plaintiff points out that it has subsequently appealed to the Environmental Management Commission, asserting on that appeal that the requirements of the final NPDES permit are too restrictive, but plaintiff fails to offer any proof that there is a reasonable likelihood it will succeed with that appeal. Rather, the fact that ADEM is *401 sued the final permit after having considered plaintiff’s proposals and technical data seems to suggest a reasonable probability that plaintiff’s appeal will not succeed.
Plaintiff is saddled with the burden of proving that the trial court grossly abused its discretion, and that a manifest injustice will result unless we correct its judgment. Plaintiff also must show, in order to prevail, that there is at least a reasonable probability that it will succeed on the merits of the controversy. We are of the opinion that plaintiff has failed to meet its burdens in this case. Therefore, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.