NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 11-4441

———

ADVANCE CAPITAL PARNTERS, LLC, AND LIZA PRICE,

v.

BELA ROSSMANN
Appellant

———

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(District Court No. 2:09-cv-03467)
District Court Judge: Honorable Thomas J. Rueter, Magistrate Judge

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2012

Before: SMITH, CHAGARES, and GARTH, *Circuit Judges*.

(Filed: September 12, 2012)

———

OPINION OF THE COURT

———

GARTH, *Circuit Judge*.

Bela Rossmann appeals from the judgment of the District Court awarding

compensatory damages to Advance Capital Partners, LLC, and Liza Price for claims of

fraudulent concealment and negligent misrepresentation arising from Rossmann's efforts

to finance a real estate purchase. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will affirm the judgment of the District Court.

I

We write principally for the benefit of the parties and recite only the facts essential to our disposition.

In order to purchase a parcel of land for subsequent resale and development, Rossmann arranged for a loan in excess of three million dollars from National Penn Bank, conditioned on his posting approximately nine hundred thousand dollars in collateral and interest reserve accounts. In order to raise money to meet these conditions, Rossmann in turn sought a second loan of 1.1 million dollars. Rossmann approached an acquaintance, Liza Price, to obtain information regarding potential investors. Price in turn introduced Rossmann to Peter Cocoziello, the CEO of Advance Capital Partners, LLC (ACP). Over the course of a brief meeting, a tour of the property, and a lunch meeting, Rossmann provided Cocoziello and Price with a brochure for the proposed development as well as rough engineering and architectural plans. The three also discussed the terms of the proposed loan, which was to be secured in part by a pledge of stock in the corporate entity created by Rossmann to hold title to the property. Rossmann, who wished to close the sale quickly in order to execute an anticipated resale of a portion of the land and was desperate to obtain financing because his own investment in the property would otherwise be lost, did not inform Cocoziello and Price that the terms of sale of the property obligated Rossmann to pay the seller of the land one hundred

2

thousand dollars upon the subsequent resale of the property, nor did Rossmann provide a copy of the addendum to the principal sale agreement that contained this provision.

Following the lunch meeting, Cocoziello requested that Rossmann forward all relevant documents to Thomas Dillon, a consultant retained by ACP, for review. In addition to relying on this consultant to perform the necessary due diligence, Cocoziello also relied on the decision of National Penn Bank to issue the principal loan in deciding whether to lend to Rossmann. Price performed no independent investigation, but rather relied on the diligence of the other lenders.

ACP and Price agreed to provide the requested financing, and Rossmann proceeded to purchase the parcel of land. Approximately two years later, Rossmann, having failed to sell the property, defaulted on the National Penn Bank loan. This default in turn entitled ACP and Price to take control of the corporate entity that held the land, which they did. ACP and Price subsequently failed to cure the default on the National Penn loan, and National Penn foreclosed on the property. ACP in turn purchased the property at a foreclosure sale.

ACP and Price then brought an action against Rossmann, asserting claims of breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent inducement, fraudulent concealment, breach of fiduciary duty, and negligent misrepresentation. Following a bench trial, conducted by agreement before a Magistrate Judge, the court found for ACP and Price on their fraudulent concealment and negligent misrepresentation claims, both of which concerned Rossmann's alleged failure to disclose the obligation to pay the additional $ 100,000 to the seller of the property upon

3

resale of the land. The court awarded ACP $ 64,000 and Price $ 36,000 in compensatory damages. Rossmann timely appealed.

II

We begin by considering Rossmann's challenge to the District Court's negligent misrepresentation finding. Under Pennsylvania law, "[n]egligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; [sic] (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." Bortz v. Noon, 556 Pa. 489, 500, 729 A.2d 555, 561 (1999). The question of "[w]hether any particular representation . . . was false or misleading is a question of fact subject to review under the clearly erroneous standard. . . . Under the clearly erroneous standard, a finding of fact may be reversed on appeal only if it is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data." Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 229-230 (3d Cir. 2007) (internal quotation marks omitted). Questions concerning the parties' knowledge, mental states, and reliance likewise are factual determinations subject to review for clear error. Id. at 229.

Rossmann asserts that the evidence presented at trial failed to show by a preponderance of evidence that he failed to disclose that additional money would be owed to the seller of the land following resale of the land. He further contends that Cocoziello's and Price's reliance on such a failure, if it did occur, was not justifiable because Cocoziello and Price were sophisticated investors who unreasonably chose not to

4

conduct a further investigation. Rossmann does not contest the court's findings that the nondisclosure, if it occurred, was a material misrepresentation,[1] that he ought to have known the nondisclosure was a misrepresentation, or that he intended to—and in fact did—induce reliance through such nondisclosure.

With respect to whether the evidence supports a finding of nondisclosure, it is undisputed that at no point did Rossmann affirmatively state to Cocoziello and Price that money would be owed to the seller upon resale of the land. Testimony provided by Price, Cocoziello, and Dillon, moreover, indicated that Rossmann never supplied the sales agreement addendum that contained this obligation. Although Rossmann disputes this testimony and claims to have provided the document, the trier of fact's decision to credit the testimony of Price, Cocoziello, and Dillon is, in the absence of contrary extrinsic evidence or internal contradiction, entitled to considerable deference. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575, 105 S. Ct. 1504, 1512, 84 L. Ed. 2d 518 (1985). Although Price, Cocoziello, and Dillon all exhibited some imprecision in their respective memories of the relevant events, they testified consistently, and their testimony that

_____

[1] The parties appear to assume that a failure to disclose may, as a general matter, unproblematically qualify as a misrepresentation for purposes of a negligent misrepresentation claim. We note, however, that several district court opinions, relying on an opinion by the Pennsylvania Court of Common Pleas, have held that under Pennsylvania law a negligent misrepresentation claim may not be made out on the basis of a failure to disclose. See, e.g., Lazin v. Pavilion Partners, CIV. A. 95-601, 1995 WL 614018 (E.D. Pa. Oct. 11, 1995) ("Non-disclosure of a material fact would give rise to a cause of action for fraudulent non-disclosure, not for negligent misrepresentation."), citing Lang v. Helios Capital Corp., 86-08031, 1989 WL 299241 (Pa. Com. Pl. Jan. 20, 1989) ("non-disclosure would give rise to a cause of action only for fraudulent non-disclosure, and not for fraudulent or negligent misrepresentation."). As Rossmann has not raised this issue, we treat it as waived and do not address it.

Rossmann never provided the addendum to the sales agreement is not controverted by other evidence. The Magistrate Judge therefore properly found that Rossman failed to disclose the addendum to the sales agreement.

Regarding the justifiability of Cocoziello's and Price's reliance on Rossmann's misrepresentation through nondisclosure, ACP and Price assert that Rossmann has raised this issue for the first time on appeal and that we therefore should not review it. Rossmann does not challenge this assertion in his reply brief. "As a general rule we do not review issues raised for the first time at the appellate level. Although we have the discretion to review an argument not raised below, we will ordinarily refuse to do so." Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635, 646-47 (3d Cir. 1998) (citation and internal quotation marks omitted). As Rossmann has provided no reason to depart from the general policy of not reviewing unpreserved arguments, and no such reason is readily apparent, we decline to review this aspect of Rossmann's claim on appeal.

Moreover, even if we were to reach the merits of this claim, Rossmann would not be entitled to prevail on this ground. In the proceedings below, ACP and Price presented expert evidence opining that reliance on Rossmann's representations was reasonable in light of the very short time window available to the parties to conduct the transaction. Rossmann did not meaningfully challenge this testimony on cross examination, nor did he offer any evidence in rebuttal. In presenting proposed findings of fact and law to the trial court, Rossmann made no proposals concerning lack of justifiable reliance. The Magistrate Judge was thus entitled to credit the uncontroverted testimony regarding the

6

reasonableness of Cocoziello's and Price's reliance on Rossmann under the circumstances of the transaction in this case.

We therefore conclude that the Magistrate Judge properly found for ACP and Price on their negligent misrepresentation claim. As the Magistrate Judge determined, and Rossmann does not dispute on appeal, a prevailing plaintiff in both negligent misrepresentation and fraudulent concealment actions is entitled to recovery for the loss caused by the concealment or misrepresentation. See Peters v. Stroudsburg Trust Co., 348 Pa. 451, 453, 35 A.2d 341, 343 (1944); Restatement (Second) of Torts § 552B (1977). Because identical damages are available under each theory on which Rossmann was found liable and both claims arose from the same failure to disclose, the damages award may be sustained on the basis of the negligent misrepresentation finding standing alone.[2]

III

For the reasons stated above, the judgment of the District Court will be affirmed.[3]

---

[2] We therefore need not consider whether the Magistrate Judge properly found for ACP and Price on the fraudulent concealment claim as well. See CIBA-GEIGY Corp. v. Bolar Pharm. Co., Inc., 719 F.2d 56, 57 n.1 (3d Cir. 1983).

[3] Federal Rule of Appellate Procedure 30, "Appendix to the Briefs" provides, *inter alia*, that "the relevant portions of the pleadings" *must* be included in the appendix. The complaint, which is essential to the resolution of this appeal, was not included in the appendix. It is unacceptable that counsel is not familiar with and did not comply with the basic rules of appellate procedure.