Frederick E. **SHERMAN**, an infant under the age of 14 years, by his next friend, Earl Sherman, and Earl Sherman, individually, Libellants,

v.

The **UNITED STATES** of America, Respondent.

No. 4703.

United States District Court
W. D. Michigan, S. D.

Oct. 20, 1965.

Bunker & Rogoski, Muskegon, Mich., for libellants, Alexis J. Rogoski and Robert Bunker Rogoski, Muskegon, Mich., of counsel.

Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., Allan J. Weiss, Dept. of Justice, Washington, D. C., for respondent.

FOX, District Judge.

This is an action by Frederick E. Sherman, an infant, to recover damages for injuries allegedly suffered while on board the U.S.S. Portage, a public vessel of the United States, and by his father, Earl Sherman, for medical expenses incurred

and to be incurred as a result thereof. Jurisdiction is conferred on this court by 28 U.S.C. § 1333.

The motion presently before the court is filed by respondent, seeking a dismissal or transfer of the case by reason of alleged improper venue.

For purposes of this motion, the facts are relatively brief. This action was filed on March 16, 1964 in the Western District of Michigan, seeking recovery for the above damages allegedly sustained as a result of an injury occurring on board the vessel on June 30, 1962, while it was moored to a dock in the city of Muskegon, Michigan. At the time of the filing of this suit, the vessel was moored to a dock in Milwaukee, Wisconsin.

In its answer, respondent raised the issue of venue, and reasserted its objection at the pretrial conference recently held in this case.

■ 46 U.S.C.A. § 782 reads in relevant part, as follows:

"§ 782. Venue of suit; application of provisions of Chapter 20.

Such suit shall be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States, * * *."

It is apparent from the bare outline of facts recited above that libelants have not complied with the venue provisions of that statute.

However, libelants now claim that by utilizing the court's facilities and proceeding with the pretrial discovery after filing its answer, respondent has waived its objection to venue.

The only case cited by libelants in which a waiver was found after the answer had raised a venue objection is Fairhope Fabrics, Inc. v. Mohawk Carpet Mills, Inc., 140 F.Supp. 313 (D.C. Mass.1956), in which the trial judge made a specific finding of fact that the defendant had, by admission of its counsel and actions taken in preparation for the case, indicated that the forum was not an inconvenient one. Furthermore, the case dealt with a statute relating to venue in patent cases, and the court, in its opinion, stated that research had failed to disclose any cases presenting the precise question of waiver despite objection thereto being raised by answer.

■ More persuasive to this court are the admiralty cases cited to the court by respondent. Orr v. United States, 174 F.2d 577 (CCA 2, 1949), Untersinger v. United States, 172 F.2d 298 (CCA 2, 1949), and Walsh v. United States, 81 F.Supp. 667 (D.C.E.D.Pa., 1949), stand for the proposition that objections to venue are not waived by the fact that they are made in an answer to the merits. The Untersinger case, supra, presents the same factual situation as is here presented. Objection to venue was made in the answer, and was developed at pretrial, after which libelant took the position that the objection had been waived.

The Second Circuit Court of Appeals affirmed the decision of the trial judge that there had been no waiver, but leave was granted to apply for transfer within thirty days.

■ This court concludes that respondent has not in fact waived its objections to venue, either by its acts or statements, and grants the motion to transfer this cause to the Eastern District of Wisconsin, under the discretion vested in it by 28 U.S.C.A. § 1406.

An order may be presented in accordance with this opinion.