Angel **RODRIGUEZ**

v.

**AMERICAN EXPORT LINES, INC.**

No. 35624.

United States District Court
E. D. Pennsylvania.

April 14, 1966.

S. Gerald Litvin, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Bernard J. McNulty, Jr., Costigan & McNulty, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a motion by defendant to dismiss this seaman's action for improper venue or to transfer it to the United States District Court for the Southern District of New York or to dismiss on the ground of forum non conveniens.

Plaintiff, a merchant seaman aboard the S/S EXPRESS was seriously injured in August 1963 while the ship was in the port of Bombay, India. Following three weeks' hospitalization in Bombay, plaintiff was returned to the United States where he received inpatient treatment at the Staten Island Marine Hospital. According to uncontroverted facts from the briefs, Rodriguez is a resident of New York City and defendant maintains its principal office for the conduct

of business therein. The plaintiff received medical treatment in the City of New York. The last relevant factor raised as to grounds for transfer is that plaintiff's counsel maintains offices in New York.

Suit was instituted on April 23, 1964. On May 15, 1964, defendant's counsel entered its appearance and answered on July 6, 1964. Defendant did not move to dismiss for improper venue until October 25, 1965. Defendant, incidentally, noticed plaintiff for deposition in Philadelphia on May 13, 1964.

Defendant contends that this action should be dismissed for improper venue because a suit under the Jones Act must be commenced in the district where the ship owner-employer maintains his principal office for the conduct of business or in the district in which he resides, which in the case of a corporation would be the appropriate district in the Commonwealth of Pennsylvania. Defendant herein is not incorporated in Pennsylvania nor maintains its principal place of business therein. See Leith v. Oil Transport Co., 321 F.2d 591 (3rd Cir. 1963).

While defendant would have had a valid objection if properly raised, he has waived any objection based on improper venue. Subdivision (h) of F.R. Civil P. 12 provides for waiver of all defenses and objections which defendant does not present by motion under Subdivision (b) before answering or in his answer or reply. Defendant has done neither in this case and has consequently waived any objections based on improper venue.

As for the motion to transfer under 28 U.S.C. § 1404(a), defendant has not met his substantial burden of showing that he is entitled to a transfer, on the grounds of inconvenience. See Clendenin v. United Fruit Co., Inc., 214 F.Supp. 137 (E.D.Pa.1963). Plaintiff's residence, the fact that the accident occurred in India and the bar memberships of plaintiff's counsel are irrelevant to show that defendant will be incon-

venienced by a trial in Philadelphia instead of New York. As for the remainder of defendant's contentions, they are mere conclusions of expected inconvenience without a showing in which way defendant will be inconvenienced or how substantially it or any witnesses will be inconvenienced. All of these points have been previously considered by this Court on numerous occasions. See e. g. Clendenin v. United Fruit Co., Inc., 214 F. Supp. 137 (E.D.Pa.1963).

The motion to dismiss on the grounds of forum non conveniens may be readily disposed of. Where the more convenient forum is a federal court, the provisions of 28 U.S.C. § 1404(a) must be used instead of the doctrine of forum non conveniens. Collins v. American Automobile Insurance Company, 230 F. 2d 416 (2d Cir. 1956).

### ORDER

And now, this 14th day of April, 1966, the motion to dismiss or in the alternative to transfer is denied.