**WYROUGH & LOSER, INC.**
**v.**
**PELMOR LABORATORIES, INC.,**
Appellant.
No. 16043.

United States Court of Appeals
Third Circuit.

Argued Dec. 9, 1966.

Decided March 2, 1967.

Rehearing Denied April 10, 1967.

James C. McConnon, Philadelphia, Pa. (E. Arthur Thompson, Paul & Paul, Philadelphia, Pa., William E. Eimer, Liederbach & Eimer, Southampton, Pa., William S. Zink, Bleakly, Stockwell & Zink, Camden, N. J., on the brief), for appellant.

William Miller, Princeton, N. J., for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and FORMAN, Circuit Judges.

## OPINION OF THE COURT

STALEY, Chief Judge.

This is an action to enjoin and recover damages for the misappropriation of trade secrets. After numerous hearings, the district court granted plaintiff's motion for a preliminary injunction. This court granted a stay pending the disposition of this appeal.

Between 1958 and 1965, the plaintiff, Wyrough & Loser, Inc. ("Wyrough & Loser") had employed the defendant, Pelmor Laboratories, Inc. ("Pelmor") to manufacture and distribute to plaintiff's customers a solid-form inert binder containing dispersions of active chemicals used in the prcduction of vulcanized rubber. The district court found that the manufacturing data and names of customers disclosed by plaintiff to the defendant were secret and that a confidential relationship existed between them. In 1965, the plaintiff decided to manufacture and market in its own right the above mentioned materials, which it called "Poly-dispersions," and it ceased doing business with the defendant. In its complaint the plaintiff alleged that the defendant continued to manufacture "Poly-dispersions" after their business relationship had terminated by use of the secret data previously disclosed to it and that Pelmor was marketing these products to plaintiff's customers through the use of secret customer lists.

Finding these allegations to be true and finding that plaintiff would be irreparably harmed if defendant continued to manufacture and distribute rubber chemical dispersions to plaintiff's customers,[1] the district court preliminarily enjoined the defendant from (1) soliciting, accepting or filling any order for solid-form inert binders containing active chemical dispersions from any customer of the plaintiff to which the de-

---

1. The weight to be given these findings and our scope of review as to them are discussed infra.

fendant had shipped "Poly-dispersions"; (2) marketing any chemical dispersion in a container of a certain size and color.

The district court held hearings on four days before making the above findings of fact and law. Though the defendant had filed neither motions nor responsive pleadings prior to or during the hearings, it contested the plaintiff's allegations by cross-examining plaintiff's witnesses and by presenting affidavits and defense testimony. The defendant, however, did file a consolidated motion for reconsideration of the district court's announced intention to enter a preliminary injunction and a motion to dismiss on numerous grounds well within the time allotted to answer.[2]

Among the issues raised by the motion to dismiss was the contention that the district court lacked jurisdiction of the defendant's person. The district court concluded that the defendant had waived any defects of personal jurisdiction and denied the motion.

■■ On this appeal, appellant concentrates its argument on essentially two issues: the lack of personal jurisdiction and the impropriety of a preliminary injunction under the facts of this case. It is clear that our scope of review as to each of these questions is significantly different. It is a matter of law as to whether the district court erred by enjoining a person over whom it had no jurisdiction. However, the correctness of the entry of an injunction *pendente lite* is one which must be addressed to the discretion of the district court. Bieski v. Eastern Auto. Forwarding Co., 354 F.2d 414 (C.A.3, 1965); National Chemsearch Corp. v. Bogatin, 349 F.2d 363 (C.A.3, 1965); Graham v. Triangle Publications, Inc., 344 F.2d 775 (C.A.3, 1965); Industrial Electronics Corp. v. Cline, 330 F.2d 480 (C.A.3, 1964); 7

Moore's Federal Practice ¶ 65.03 [3] at 1623.

Appellant details its contention that the district court lacked jurisdiction of its person into four sub-heads: (1) that it does not have those "minimal contacts" with the state of New Jersey which are required to satisfy due process standards relating to extraterritorial service; (2) that the New Jersey rule providing for such service is invalid; (3) that even if the New Jersey rule is valid, service was not made in accordance with its provisions; and (4) that there was no waiver of personal jurisdiction. It is clear that if we agree with the district court that there was a waiver of personal jurisdiction, the other issues regarding personal jurisdiction become moot. We, therefore, turn to that question first.

The chronology of events relevant to this discussion must necessarily begin with the filing of the complaint. The complaint, containing a request for an injunction *pendente lite*, was filed on February 14, 1966, and a summons was issued on February 17th and received on February 18th, requiring an answer within thirty-five days. No answer or motions were filed prior to or during the hearings on the motion for a preliminary injunction which were held on February 25th and 28th and March 1st and 2nd. At the conclusion of the hearing on March 2nd, the district court orally stated its findings of fact and conclusions of law and announced its intention to enter a preliminary injunction.[3] It was not until March 18th that defendant first raised the question of personal jurisdiction. In its formal findings, the district court considered this argument and held that:

" * * * any alleged defect in regard to * * * service [upon the

---

2. Service on the defendant was made pursuant to the New Jersey "long arm rule," R.R. 4:4–4(d) Rules Governing New Jersey Courts (1966 ed.). The summons, sent by registered mail on February 17, 1966, and received the following day, provided that an answer should be filed in 35 days (exclusive of the day of service).

3. Upon settling the form of the injunction, formal findings of fact and conclusions of law were filed. There has been full compliance with Rule 52(a). See I.C.C. v. Cardinale Trucking Corp., 308 F.2d 435, 436–437 (C.A.3, 1962).

defendant] and to jurisdiction of the person was waived by defendant by its action in participating in day-to-day hearings on the issue of the preliminary injunction wherein defendant cross-examined plaintiff's witnesses and called to the stand witnesses in its own behalf."

Appellant contests this holding, and, relying upon our opinion in Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871 (C.A.3), cert. denied sub nom. Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944), it urges that since its Rule 12(b) motion was timely filed, there could be no waiver.

We believe that the portion of the Orange Theatre opinion on which appellant relies is not dispositve of the question raised. The oft-cited and frequently quoted part of Judge Maris' opinion is as follows:

" * * * If the defense of lack of jurisdiction of the person is not raised by motion before answer or in the answer itself it is by the express terms of paragraph (h) of Civil Procedure Rule 12 to be treated as waived, not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by the rules. We conclude that within the time allowed for serving the answer the defendant may assert this defense *unless he has waived it by some action other than his voluntary appearance*." 139 F.2d at 874 (Emphasis supplied.)

Read in conjunction with Judge Maris' conclusion that the Rules abolished the distinction between "general" and "special" appearances, the above quotation simply means that if a defendant appears,[4] he may assert lack of jurisdiction over his person either by timely motion or answer. If he appears and fails to file a timely motion or answer, he will be deemed to have waived the defense. But this is not the only manner in which the defense can be waived; the opinion notes that the defendant may waive the defense by action or conduct other than his voluntary appearance. It is precisely this second ground, i. e., the defendant's conduct or action, on which the district court based its conclusion that there had been a waiver. We are, therefore, required to decide whether, under the circumstances at bar, the defendant's participation in the hearing constituted a waiver of the defense of lack of personal jurisdiction.

The appellant, defendant below, urges that its participation cannot be deemed a waiver so long as it could file a timely motion to dismiss under Rule 12(b). It maintains that the only manner in which it could raise the issue of lack of personal jurisdiction other than by answer prior to the hearing was by a motion under Rule 12(b). It then contends that since many defenses not raised in the motion are waived,[5] it is placed in the strained position of having to thoroughly research a complex area of law, glean therefrom the defenses it can raise, and

---

4. If a defendant does not appear and service is defective, he, of course, may attack any judgment rendered either directly or collaterally. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877). With this concept in mind, it has been rationalized that the logical extension of the Orange Theatre case is that if a defendant does not appear and service was defective, the time for filing an answer or motion never begins to run. See Seman v. Pittsburgh Brewing Co., 25 F.R.D. 209, 210 (N.D. Ohio, 1960); In re Eizen Furs, Inc., 10 F.R.D. 137, 139 (E.D.Pa., 1950).

5. We assume for the purposes of this appeal that the failure to assert any of the defenses enumerated in Rule 12(b) (2) to (5) constituted a waiver of them under Rule 12(h) prior to the 1966 Amendments to the Rules and that they then could not be raised in the answer. Branic v. Wheeling Steel Corp., 152 F.2d 887 (C.A.3, 1947), does not elucidate this circuit's position. The split of authority involving this question is fully developed and explained in the Advisory Committee's Note to the 1964 Proposed Amendments to the Rules of Civil Procedure, 34 F.R.D. 325, 373–74 (1964). See also Wright, Proposed Changes in Federal Civil, Criminal and Appellate Procedure, 35 F.R.D. 317, 334 (1964). The adoption of the proposed

file them in an appropriate motion prior to the hearing.

 We find considerable logic in appellant's argument. The whole philosophy behind the Federal Rules militates against placing parties in a procedural strait jacket by requiring them to possibly forego valid defenses by hurried and premature pleading. Cf., Foman v. Davis, 371 U.S. 178, 181–182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). On the other hand, there also exists a strong policy to conserve judicial time and effort; preliminary matters such as defective service, personal jurisdiction and venue should be raised and disposed of before the court considers the merits or *quasi*-merits of a controversy. Cf. Arrowsmith v. United Press International, 320 F.2d 219, 221, 6 A.L.R.2d 1072 (C.A.2, 1963). The ultimate issue before us is the reconciliation of these countervailing policies. Since both policies find strong support in the Rules, we believe that the process of deciding which is superior must necessarily depend on a case-by-case approach.

In the controversy presently before us, we find the policy of disposing of preliminary matters first to be paramount, and, accordingly, we find that there has been a waiver. Several considerations lead us to this conclusion. We note that defendant received service on February 18th and that the hearing was commenced on February 25th. We concede that a period of one week is a short time to adequately prepare a proper defense; however, we note that no continuance was requested prior to the opening of the hearing. It seems to us that within this period the defendant could sufficiently apprise itself of the jurisdictional questions so as to move the court to continue the hearing until it had further time to explore these matters. In this way the court would be alerted to the jurisdictional issues without requiring the defendant to place itself in a strained position, and the denial of a motion for a continuance, under the facts present here, might well have constituted an abuse of discretion.

Furthermore, we can discern nothing in defendant's March 18th motion which could not have been presented earlier. We note that paragraph two of the motion which was filed includes all the defenses which are subject to waiver under Rule 12(h). No factual allegations accompanied the various legal questions raised. In fact, the defenses were included in such a perfunctory manner that it is unlikely that they meet the liberal standard created by Official Form 19, 28 U.S.C.[6]

 We believe a hearing on an application for an injunction *pendente lite* is a vital proceeding. In such a hearing the court resolves factual disputes and will either grant or deny the relief sought. Even though its conclusion is not determinative of the ultimate results of the litigation, we hold that under the circumstances present here a party who participates in such a proceeding must be deemed to have waived the defense of lack of personal jurisdiction.

 The remaining issues raised by appellant are primarily factual in nature. It challenges the district court's factual findings and urges that the facts as it sees them do not make out a case for an injunction *pendente lite*. We are cognizant of the black letter rule that an injunction is an extraordinary remedy to be granted *pendente lite* only upon a showing of the likelihood of irreparable harm before the case is resolved on its merits, Warner Bros. Pictures, Inc. v. Gittone, 110 F.2d 292, 293 (C.A.3, 1940), and that there must be a specific finding to that effect. Sims v. Greene, 161 F.2d 87 (C.A.3, 1947). We concede

---

changes by the Supreme Court in 383 U.S. 1030, 1031, 1040–42 (1966) renders any further discussion purely academic.

**6.** "Rule 84. Forms
 "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." 28 U.S.C. See also Wright, Federal Courts § 66 at 242–43 & n. 44.

that the district court's findings in preliminary injunction cases are tentative and inconclusive, Railroad Yardmasters of America v. Pennsylvania R. R., 224 F.2d 226, 229 (C.A.3, 1955), and, at best, are nothing more than a tentative judgment of the litigation. Kontes Glass Co. v. Lab Glass, Inc., 250 F.Supp. 193, 195 (D.N.J., 1966), aff'd, 373 F.2d 319 (C.A.3, 1967). However, where there are no factual issues or where such issues have been resolved upon a hearing, Industrial Electronics Corp. v. Cline, 3 Cir., 330 F.2d at 483, and it is determined "that there is a reasonable probability 'of eventual success in the litigation and the likelihood of irreparable injury pendente lite * * *," Ikirt v. Lee National Corp., 358 F.2d 726, 727 (C.A. 3, 1966), that result should "not be disturbed upon appeal 'unless contrary to some rule of equity, or the result of an improvident exercise of judicial discretion'." Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569, 573 (C.A.3, 1959). Having fully reviewed the record, we can find no abuse of discretion.

The judgment of the district court will be affirmed.

## OPINION OF THE COURT

PER CURIAM.

Appellant's petition for rehearing raises but one new issue. Pelmor contends that the court misstated the facts with regard to whether there had been a request for a continuance. It disagrees with the court's conclusion that there had been no such request. The record reveals that the only formal discussion concerning a continuance occurred at the outset of the first hearing on the motion for an injunction *pendente lite*. The transcript of that proceeding conclusively establishes that there was no request. The remark by Pelmor's counsel that "[he] might be required to request a continuance" negates any conclusion that a request was, in fact, made.

The petition for rehearing will be denied.