Ralph **ALTMAN**, Plaintiff,

v.

**LIBERTY EQUITIES CORPORATION**
**et al., Defendants.**

**70 Civ. 3484.**

United States District Court,
S. D. New York.

Jan. 27, 1971.

Sidney B. Silverman, New York City, for plaintiff.

Freedman, Levy, Kroll & Simonos, by Michael I. Smith, New York City, for defendant National Savings and Trust Co.

## OPINION

TYLER, District Judge.

Defendant National Savings and Trust Company (the Bank), invoking a provision of the National Banking Act [1] which, if applicable, would confine actions against the Bank to the District of Columbia, moves to dismiss the complaint as to itself for improper venue.

A brief history of this litigation is called for. Since the service of the sum-

---

1. 12 U.S.C. § 94.

mons and complaint in August, 1970, the Bank's time to answer was extended by stipulation to December 21, 1970. Several motions were heard and decided in the interim. The first, by defendant Liberty Equities Corporation, to transfer this action to the District of Columbia pursuant to 28 U.S.C. § 1404(a), was denied by the undersigned in a memorandum dated October 27, 1970. Thereafter, plaintiff moved for a class determination pursuant to Rule 23(c), which determination was granted after hearing and argument on December 18, 1970. The Bank submitted briefs stating its position in opposition to the class determination and in support of the transfer, although in the latter papers it made no contention of improper venue. The instant motion of the Bank was filed December 15, 1970, prior to the expiration of its extended time to answer.

■ Section 94 of the National Banking Act,[2] confers upon a national bank the right to insist that it be sued only in the district of its principal place of business as stated in the charter. Leonardi v. Chase National Bank of City of New York, 81 F.2d 19, 22 (2d Cir.), cert. denied 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398 (1936). That section, which affects the propriety of venue, not the jurisdiction of the court, confers upon the Bank no more than a privilege, which may be waived or lost by failure to assert it. First National Bank of Char-

lotte v. Morgan, 132 U.S. 141, 145, 10 S. Ct. 37, 33 L.Ed. 282 (1889); Neirbo Co. v. Bethlehem Shipbuilding Corp. Ltd., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939); Buffum v. Chase National Bank, 192 F.2d 58, 60 (7th Cir. 1951); Exchange National Bank of Chicago v. Abramson, 45 F.R.D. 97, 105 (D.Minn. 1968).

The issue before the court is whether the Bank has waived its statutory right to object to venue.[3] Plaintiff contends that the Bank's venue objection is not timely made in view of its earlier participation in the two motions—to transfer and to determine this a class action—already decided. On the other hand, the Bank urges that its defense of improper venue which predates expiration of its extended time to answer was interposed consistent with Rules 12(b) (g) and (h) of the Federal Rules of Civil Procedure, making it timely and sufficient, since it was not movant in the earlier motions and since neither section 1404(a) nor Rule 23 motions fall within the consolidation requirement of section 12(g).[4] The Bank asserts further that any delay neither inconvenienced nor prejudiced plaintiff.

■■ It should first be noted that the Rules are not inclusive of the circumstances in which a defense will be deemed waived. Rule 12(h) simply defines the outer and absolute limits of timeliness. It does not preclude waiver

2. 12 U.S.C. § 94. "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which said association may be established * * *"

3. The validity of section 94's venue privilege is not challenged given the primacy of this antique statute in this Circuit. Bruns, Nordeman & Co. v. American Nat'l Bank & Trust Co., 394 F.2d 300 (2d Cir., cert. denied 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968).

4. The relevant portions of Rule 12 are as follows:
"12(b) * * * the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdic-

tion over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.

12(g) If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection * * * 12(h) (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived

(A) if omitted from a motion in the circumstances described in subdivision (g), * * *"

by implication. Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543 (3d Cir. 1967) citing Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871 (3d Cir.), cert. denied sub. nom Orange Theatre Co. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944). See also, Graver Tank & Manufacturing Corp. v. New England Terminal Co., 125 F.2d 71, 74 (1st Cir. 1942) citing Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 73 L.Ed. 252 (1929). The formula derived from 28 U.S.C. § 1406(b) requires that objection to venue must be "timely and sufficient". Cf. Fallbrook Public Utility District v. United States District Court, 202 F.2d 942 (9th Cir. 1953).

■ Thus, objection to venue has been deemed lost by reason of participation in a motion for injunction *pendente lite,* Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543 (3d Cir. 1967), or of moving for summary judgment, Thompson v. United States, 312 F.2d 516 (10th Cir. 1962), cert. denied 373 U.S. 912, 83 S.Ct. 1303, 10 L.Ed.2d 414 (1963), or of substantial passage of time during which pre-trial preparation was undertaken by other parties, Ft. Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp., 31 F.Supp. 403 (W.D.Pa.1940), but cf. Blank v. Bitker, 135 F.2d 962 (7th Cir. 1943); McGah v. V-M Corp., 166 F.Supp. 662 (N.D.Ill. 1958). But, mere participation in a motion does not necessarily entail such waiver. Rizzo v. Ammond, 182 F.Supp. 456, 469 (D.N.J.1960); Printing Plate Supply Co. v. Curtis Publishing Co., 278 F.Supp. 642, 645 (E.D.Pa.1968); cf. MacNeil v. Whittemore, 254 F.2d 820 (2d Cir. 1958).

■ Without deciding whether and in what circumstances participation in a Rule 23 motion alone would entail forfeiture of a later venue objection, cf. Wyrough & Loser, Inc. v. Pelmore Laboratories, Inc., *supra,* I hold that the failure to raise a venue objection within the context of a section 1404(a) motion constitutes waiver of that particular objection.

Since Rule 12 does not exhaust the possibilities of waiver it is unnecessary to determine whether a section 1404(a) motion for change of venue based upon *forum non conveniens* principles falls within the letter or spirit of Rule 12(b) so as to be governed by Rules 12(g) and (h) pursuant to which the failure to consolidate section 12(b) motions constitutes waiver.[5] Cf. Wright & Miller, Federal Practice & Procedure § 1352 pp. 572–573. I note, however, some conflict of opinion on this technical matter. Compare Rodriguez v. American Export Lines, Inc., 253 F.Supp. 36, 37 (E.D.Pa. 1966) (§ 1404(a) motion considered after answer, but venue objection waived), Fallbrook Public Utility District v. United States, District Court, *supra,* 202 F.2d at 944, (§ 1404(b) motion "is purely one of venue and may be waived if no timely and sufficient objection thereto is interposed"), Silver v. Countrywide Realty Inc., 39 F.R.D. 596, 599 (S.D.N.Y.1966) ("defendants by moving to dismiss on the ground of *forum non conveniens* waived their right to challenge (in personam) jurisdiction of the court * * *" citing Rules 12(g) and 12(h)).

It is rather the logical inseparability of a section 1404 motion for change of venue and a Rule 12(b) dismissal motion for improper venue that mandates that they be litigated contemporaneously. The propriety of venue is a significant consideration in deciding a section 1404(a) motion—indeed, the 1404(a) decision herein could be said to turn thereon. Therefore, the failure to assert defective venue *implicitly concedes it.* The Bank joined in the section 1404(a) motion, but withheld the decisive weight. Since the timely, appropriate and obvious moment to object to venue has passed in this litigation, the Bank is precluded from claiming the statutory privilege. This case differs in detail

5. Ibid.

only from Fallbrook Public Utility District v. United States District Court, *supra,* 202 F.2d at 943, 944, wherein the defendant sought to challenge the venue of the very court to which the action had previously been transfered without objection. Should the courts not sanction such earlier silence, there would be little finality to a section 1404(a) decision prior to joinder of issue. It should be apparent that although this ruling is made independently of Rule 12 limitations, its effect, *a fortiori,* is to require that a Rule 12 defense relevant to disposition of a section 1404 transfer motion be interposed so as to permit their consolidation for decision.

Since the Bank waived its right to resist this court's jurisdiction, there is no reason to reconsider defendant Liberty Equities' renewed section 1404(a) motion to transfer this lawsuit to the District of Columbia.

Motion denied. It is so ordered.