**Joel SHERMAN, Plaintiff,**

v.

**Karen A. MOORE and James R. Moore, Defendants.**

No. 79 Civ. 2563 (WCC).

United States District Court,
S. D. New York.

April 22, 1980.

Tabak, Steinman & Mellusi, New York City, for plaintiff; Stephen B. Roberts, New York City, of counsel.

Burke, Curry, Hammill & O'Brien, P. C., Mineola, N. Y., for defendants; Gregory H. Hammill, Mineola, N. Y., of counsel.

## OPINION AND ORDER

CONNER, District Judge:

This is an action for personal injuries arising out of an accident involving plaintiff's motorcycle and defendants' automobile on a highway in Greene County, New York. Jurisdiction is premised on diversity, plaintiff being a citizen of New Jersey and defendants citizens of New York. 28 U.S.C. § 1332. Defendants move to dismiss the complaint on the ground that venue is improper in this District or, in the alternative, for an order transferring this action to the United States District Court for the Northern District of New York.

The following facts are relevant to the issues before the Court: The instant action was filed on May 16, 1979 and defendants were served on June 6, 1979. On June 27, 1979, defendants filed an answer, together with requests for an examination of plaintiff before trial, and for discovery and inspection. Defendants did not assert a defense of improper venue in their answer. On July 17, 1979, defendants filed an Amended Answer wherein they did assert such defense. On that date, they also filed another notice of examination of plaintiff

(to be conducted in this Courthouse) and other miscellaneous discovery requests. At a pretrial conference held on September 17, 1979, defendants indicated to the Court that they intended to move to dismiss this action on the ground of improper venue; they filed the instant motion shortly thereafter.

Under 28 U.S.C. § 1391(a), the venue statute applicable in the case at bar, since jurisdiction is founded only on diversity, venue is proper in the district where plaintiff resides or where all of the defendants reside or where the claim arose. In this action, the claim arose in Greene County, where defendants reside, and plaintiff, as has been stated, is a citizen of New Jersey. Thus, venue is improper in this District. Plaintiff, however, alleges that defendants have waived a defense of improper venue (1) by failing to file a timely motion to dismiss the complaint on that ground or (2) by proceeding on the merits of the action in this District.

1. The Applicable Law

Venue relates to the place where judicial authority may be exercised; its purpose is to serve the convenience of the litigants. C. Wright, *Law of Federal Courts* at 169 (3d ed. 1976). In contrast to subject matter jurisdiction, which relates to the power of the Court to adjudicate a controversy and thus supports a challenge to the Court's jurisdiction by either party or by the Court itself at any time during the litigation, a party may consent to be sued in a district where venue would otherwise be improper. Furthermore, a party will be held to have waived improper venue if he fails to assert it at the proper time, see, e. g., *Shaw v. United States*, 422 F.Supp. 339 (S.D.N.Y.1976).

Rule 12(h), F.R.Civ.P. provides that:
"(1) A defense of . . . improper venue . . . is waived . . . (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

Rule 15(a) provides in part:
"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served."

It is thus clear that, contrary to plaintiff's strenuous objections to the contrary, defendants have not waived their improper venue defense by asserting it in their Amended Answer, filed exactly 20 days after the original answer was filed, rather than moving to dismiss the complaint on that ground under Rule 12(b).

However, "the Rules are not inclusive of the circumstances in which a defense will be deemed waived. Rule 12(h) simply defines the outer and absolute limits of timeliness. It does not preclude waiver by implication." *Altman v. Liberty Equities Corp.*, 322 F.Supp. 377, 378–79 (S.D.N.Y. 1977). It is clear that a party may waive its objection to venue by its pre-trial conduct, although the case law draws no clear boundary line between what action a party may take during the pre-trial stage and still invoke its venue objection and what conduct on its part will constitute waiver of that defense. *Compare Blank v. Bitker*, 135 F.2d 962 (7th Cir. 1943) (no waiver where defendant took deposition of plaintiff prior to filing an answer asserting an improper venue defense where defendant was unfamiliar with facts underlying claim and needed deposition to familiarize himself with those facts); *Shaw v. United States, supra* (answer raised improper venue; motion to dismiss or transfer 13 months after answer and 6 months after completion of discovery timely since no prejudice to plaintiff); *Sherman v. United States*, 246 F.Supp. 547 (W.D.Mich.1965) (no waiver where answer raises issue of venue, respondent proceeded with pretrial discovery and motion made at pretrial conference); *McGah v. V–M Corp.*, 166 F.Supp. 662 (N.D. Ill.1958) (no waiver of venue objection by

appearing at a deposition hearing held at request of plaintiff's counsel); *Heiss v. Nielsen*, 132 F.Supp. 541 (D.Neb.1955) (no waiver where defendant first filed motion to dismiss for improper venue and then, before motion was decided, participated in taking of depositions and filed answer, which did not assert lack of proper venue, and summary judgment motion); *with Spearman v. Sterling Steamship Company*, 171 F.Supp. 287 (E.D.Pa.1959) (where defendant took plaintiff's deposition and 15 months later filed answer asserting lack of personal jurisdiction, during which time statute of limitations had run, waived defense); *Fairhope Fabrics, Inc. v. Mohawk Carpet Mills, Inc.*, 140 F.Supp. 313 (D.Mass. 1956) (answer raised venue defense but defendants' conduct in proceeding on merits illustrated no inconvenience in conducting trial in that district); *Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp.*, 31 F.Supp. 403 (W.D.Pa.1940) (improper venue waived where motion made 5 months after filing of complaint and after motion to quash service made and depositions had).

■ The Court concludes that defendants have not waived their objections to a trial in this District. Defendants asserted their objections to venue in a timely manner; they raised the defense of improper venue in their Amended Answer just six weeks after the Complaint and Summons were served, and moved to dismiss the action or to transfer it to the Northern District of New York just over 13 weeks from the date of service. Defendants' willingness to engage in discovery prior to the pre-trial conference in September 1979 and to conduct depositions of the parties in this Courthouse does not constitute a waiver of their objection to a trial in this District; defendants clearly indicated their intentions in this regard in their Amended Answer.

■ Furthermore, plaintiff has not asserted that he has been prejudiced by defendants' conduct. See *Shaw, supra*. Defendants' willingness to conduct depositions in this District benefited plaintiff rather than prejudiced him. Moreover, the fact that it would be more convenient for plain-tiff and his witnesses to attend a trial in this District than in the Northern District is not determinative under Section 1391(a); rather it is a factor to be considered under 28 U.S.C. § 1404 which is not at issue in this motion. The "prejudice" plaintiff will suffer if this action is transferred to the Northern District, where defendants reside and where plaintiff's claim arose, comes not as a result of defendants' conduct but as a result of the requirements of the venue statute.

For the foregoing reasons, the Court concludes that defendants have not waived their improper venue defense. Since discovery in this matter has substantially been completed, in the interests of justice, this action will not be dismissed but will instead be transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of New York, where this action could have been commenced.

SO ORDERED.