**Perry D. KRAPE, Plaintiff,**

v.

**PDK LABS INC., Defendant.**

**No. 98–Civ.–6553(RLC).**

United States District Court, S.D. New York.

Dec. 21, 1999.

Schneck Weltman & Hashmall LLP, New York City (Glen S. Kerner, Christopher J. Garvey, of counsel), Gunster, Yoakley, Valdes–Fauli & Stewart, P.A., Ft. Lauderdale, FL (Connis O. Brown, III., Michael W. Marcil, of counsel), for Plaintiff.

Berlack, Israels & Liberman, LLP, New York City (Stephen E. Greenbaum, of counsel), for Defendant.

## OPINION

CARTER, District Judge.

Defendant, Perry D. Krape Incorporated ("PDK") moves to dismiss the Employment Retirement Income Security Act ("ERISA") claim of plaintiff, Perry D. Krape, pursuant to Rule 12(b), F.R.Civ.P., on the grounds of improper venue, defective service of process, and failure to state a claim; defendant also requests that it be awarded attorneys' fees and costs. In the alternative, PDK requests that this action be transferred to the Eastern District of New York, pursuant to 28 U.S.C. § 1406(a), to cure a defect in venue.

### I. Background

Plaintiff served as chief executive officer ("CEO") of PDK and as trustee of PDK's Profit Sharing and Trust Plan ("retirement plan") until July 1991. (Pl. Mem. Ex. 1 at 1.) [1] In 1996, PDK sued plaintiff in New York state court alleging, inter alia, that plaintiff had breached his fiduciary duty to PDK

---

1. "Pl. Mem." stands for *Plaintiff Perry D. Krape's Memorandum of Law in Opposition to Defendant's Motion to Dismiss*. "Def. Mem." stands for *Memorandum of Law in Support of Defendant PDK's Motion to Dismiss*. "Greenbaum Aff." refers to *Affidavit of Stephen Greenbaum in Support* of *PDK's Motion to Dismiss*. "Siblano Aff." refers to the Affidavit of Regina Siblano which was submitted as Green. Aff. Ex. D. "Lewis Aff." refers to the Affidavit of John Lewis which was submitted as Pl. Mem. Ex. 3.

while serving as CEO and trustee of the retirement plan. (*Id.*)

On June 24, 1996, during the pendency of the state court litigation, plaintiff's counsel sent a letter to PDK's attorney requesting a copy of PDK's retirement plan, and that plaintiff be granted a loan against his PDK retirement plan account. (Pl.Mem.Ex. 6A.) PDK's counsel acknowledged the letter on June 28, 1996, and informed plaintiff that he would review the matter with PDK. (Pl. Mem Ex. 6B.) When PDK did not send plaintiff the plan information, plaintiff's counsel sent PDK's attorney a second letter, dated July 24, 1996, repeating plaintiff's request for a copy of the retirement plan and a loan against his retirement plan account. (Pl.Mem. Ex. 6C.)

Plaintiff received no response to this second letter and, on April 27, 1997, he filed suit against PDK in the Southern District of Florida, alleging that PDK's refusal to provide him with a copy of the retirement plan violated ERISA, 29 U.S.C. § 1024(b)(4). Plaintiff requested statutory damages, pursuant to 29 U.S.C. § 1132(c)(1), and tender of his plan benefits. (Pl. Mem. at 2.) PDK provided plaintiff with a copy of the retirement plan after plaintiff filed the Florida suit. (Def. Mem. at 4.)

On July 25, 1997, PDK moved to dismiss plaintiff's claims in the Southern District of Florida on the grounds of defective service of process, improper venue, lack of personal jurisdiction, and failure to state a claim. (Pl. Mem. Ex. 1.) Additionally, PDK requested that if plaintiff's claim was not dismissed, it be transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1406(a), on the grounds that ERISA guidelines required that plaintiff's claim be adjudicated where the retirement plan at issue in the litigation is administered. (*Id.*)

Chief Magistrate Judge Lurana Snow, the judge to whom plaintiff's claim was initially referred, recommended that plaintiff's complaint be dismissed because he had failed to prove that he properly served PDK. However, in the event that plaintiff's objections to her report showed that service was proper, Magistrate Judge Snow recommended that PDK's motion to transfer plaintiff's claim to this court be granted because the retirement plan at issue was administered in New York, (Greenbaum Aff. Ex. B. at 11), and because the Southern District of Florida had no personal jurisdiction over PDK. (*Id.* at 5–10.) Neither party filed objections to Magistrate Judge Snow's Report.

Judge Wilkie D. Ferguson affirmed Magistrate Judge Snow's report, ordered plaintiff's case transferred to this court, and provided that defendant could challenge the sufficiency of service of process after the case was transferred here. (Greenbaum Aff. Ex. C.)

II. Service of Process

■ PDK now moves to dismiss plaintiff's ERISA claim on the grounds that plaintiff failed to serve PDK in accordance with Rule 4(h)(1), F.R. Civ. P.[2] On review of a motion challenging service of process, the court considers the parties' pleadings and affidavits in the light most favorable to the non-moving party, *see Breene v. Guardsmark*, 680 F.Supp. 88, 91 (S.D.N.Y.1987) (Cooper, J.), and the burden of proof lies with the party challenging service. *See People of the State of New York v. Operation Rescue National* 69 F.Supp.2d 408, 416–417 (W.D.N.Y.1999).

Rule 4(h)(1), F.R.Civ.P., provides that a party can serve a corporation by complying with federal procedural rules or the procedural rules of the state in which service was attempted. Plaintiff claims that service was

---

**2.** PDK contends that plaintiff was required to file an objection to Magistrate Judge Snow's Report and Recommendation in order to assert that plaintiff's service of process on defendant was proper because Magistrate Judge Snow determined that the service was defective, and Judge Ferguson's adoption of the magistrate's report forecloses any subsequent review of this issue. (Def. Mem. at 7) (relying on *Thomas v. Westchester County Dep't of Corrections*, 959 F.Supp. 203,

204 (S.D.N.Y.1997) (Rakoff, J.)). PDK is in error. Judge Ferguson stated in his decision that he was adopting Magistrate Judge Snow's report in its entirety; however, he clearly indicated that he was deferring decision on whether service of process on defendant was proper, as he explained that defendant could challenge service of process in the Southern District of New York if it was so inclined. (Greenbaum Aff. Ex. C).

effected in compliance with N.Y.C.P.L.R. § 311 (Pl. Mem. at 10), which provides that service may be made on a corporation by serving "an officer, director, managing or general agent, or cashier or assistant cashier or to any agent authorized by appointment or law to receive service." *See Fashion Page Ltd. v. Zurich Insurance Co.,* 50 N.Y.2d 265, 270, 428 N.Y.S.2d 890, 406 N.E.2d 747 (1980) (discussing N.Y.C.P.L.R. § 311).

Additionally, courts have held that when a process server serves someone who does not have "express authorization to accept service" for a corporation, service is proper under N.Y.C.P.L.R. § 311 if it is "made in a manner which, objectively viewed, is calculated to give the corporation fair notice" of the suit. *Kuhlik v. Atlantic Corp. Inc.,* 112 F.R.D. 146, 148 (S.D.N.Y.1986) (Sweet, J.). A corporation has been given "fair notice" of a suit when the process server has diligently attempted to comply with section 311. *See Fashion Page,* 50 N.Y.2d at 272, 428 N.Y.S.2d 890, 406 N.E.2d 747. If a process server has "gone to [the defendant corporation's] offices, made proper inquiry of defendant's own employees, and delivered the summons according to their directions" he has satisfied the statute's requirements. *Kuhlik,* 112 F.R.D. at 148.

Review of plaintiff's process server's affidavit establishes that the process server complied with N.Y.C.P.L.R. § 311. The process server appeared at PDK's offices, asked the PDK receptionist who was authorized to receive service, and then served a PDK employee named Lisa Keegan after the receptionist indicated that Keegan was authorized to accept service. (Lewis Aff. at 1.) The process server's affidavit contains sufficient facts to establish that he made a diligent attempt to comply with section 311; he specifically describes the facts that led him to believe that Keegan was authorized to accept the summons and complaint. (*Id.*)

PDK contends that the process server threw the complaint through the PDK reception desk window after the receptionist told him that no one in the reception area could accept the complaint.[3] (Siblano Aff. at 2.) The court has recognized that when a process server serves papers in such a cavalier fashion, he has not served the corporation in compliance with N.Y. C.P.L.R. § 311. *See Kovalesky v. A.M.C. Associated Merchandising Corp.,* 551 F.Supp. 544, 545 (S.D.N.Y. 1982) (Edelstein, J.). However, if a process server has diligently attempted to comply with section 311, but is deterred by a defendant's recalcitrant and evasive employees, in such cases the process server may properly effect service by leaving the litigation papers with the defendant's receptionist. *See Dai Nippon Printing Co. Ltd. v. Melrose Publishing Co.,* 113 F.R.D. 540, 543 (S.D.N.Y. 1986) (Sweet, J.).

It is undisputed that plaintiff's process server appeared at PDK's offices and sought the proper party to receive service. (Siblano Aff. at 2); (Lewis Aff. at 1). PDK's receptionist's affidavit merely indicates that the process server was met with resistance: the receptionist refused to accept service, "never directed [the process server] to anyone to accept service" and simply told the process server that "no one in the reception area could accept service." (Siblano Aff. at 2.) In the face of such resistance, it would have been reasonable for the process server to leave the complaint with the receptionist. *See Dai Nippon,* 113 F.R.D. at 543. Therefore, even if defendant's contentions are true, it still has not demonstrated that plaintiff's service was improper.

PDK has failed to satisfy its evidentiary burden to prove that service was improper; accordingly, the court denies its motion to dismiss on the ground of improper service.

## III. Venue

PDK moves pursuant to Rule 12(b)(3), F.R.Civ.P., to dismiss plaintiff's claim for improper venue or, in the alternative, to have plaintiff's claim transferred to the Eastern

---

**3.** PDK also contends that the process server's version of events is inaccurate, because no person named Keegan was authorized to accept service for the corporation, and no such person has ever worked for PDK. (Def. Mem. at 9 n. 3.) This contention is irrelevant, as process servers are not expected to be familiar with the precise structure of a corporation or the names of its personnel. *See Fashion Page,* 50 N.Y.2d at 272–73, 428 N.Y.S.2d 890, 406 N.E.2d 747.

District of New York, pursuant to 28 U.S.C. § 1406(a), on the ground that ERISA's venue provision bars plaintiff's claim from being heard in this court.[4] Plaintiff asserts that PDK's motions challenging venue must be denied, as PDK waived its right to challenge venue in prior proceedings on this action.[5]

■ A party can lose his right to bring a motion challenging venue under 28 U.S.C. § 1406(a) or under Rule 12(b)(3), F.R.Civ.P., because he has failed to raise his venue challenge in a pre-answer motion or responsive pleading, see Rule 12(h)(1)(B), F.R.Civ. P., or because the court interprets his pretrial conduct as having waived his right to challenge venue. See Sherman v. Moore, 86 F.R.D. 471, 472 (S.D.N.Y.1997) (Connor, J.); Altman v. Liberty Equities Corp., 322 F.Supp. 377, 378–79 (S.D.N.Y.1971) (Tyler, J.) (describing "waiver by implication").

The inquiry courts use to determine whether a party has waived his right to challenge venue is fact specific. See Sherman, 86 F.R.D. at 472. As a result, "[t]here is no clear boundary ... [indicating] what action a party may take during the pretrial stage and still invoke its venue objection and what conduct on its part will constitute waiver of that defense." Id. However, a party's repeated representations to the court that it is the proper forum may waive its right to subsequently raise the claim that venue lies elsewhere. See Orb Factory Ltd. v. Design Science Toys, 6 F.Supp.2d 203, 206–07 (S.D.N.Y. 1998) (Sweet, J.) (holding that a party's repeated representations that venue was proper in one forum waived its right to bring a subsequent motion under 28 U.S.C. § 1406(a) challenging venue); Altman, 322 F.Supp. at 379 (holding that a party's participation in a motion to transfer venue for the convenience of parties waived its right to bring a subse-quent venue challenge under Rule 12(b), F.R. Civ. P. to transfer the case to another venue).

■ Review of PDK's actions in this matter in the two years since plaintiff filed his claim in the Southern District of Florida indicates that PDK has waived its right to challenge venue. PDK brought several motions in the Southern District of Florida representing that the Southern District of New York was the proper venue for this action. (Pl. Mem. Ex. 1 at 9–14.) PDK also failed to object to Magistrate Judge Snow's recommendation to transfer the action to this court, or to Judge Ferguson's order transferring the action to this forum. Given defendant's failure to timely raise its venue claims, and its representations that this court was the proper forum, the court must reject PDK's instant motions alleging that venue properly lies elsewhere.

## IV. Failure to State A Claim

PDK moves pursuant to Rule 12(b)(6), F.R. Civ. P., alleging that plaintiff's claim must be dismissed because his complaint fails to state a claim for ERISA penalties. On review of a motion for failure to state a claim, the court accepts the allegations contained in the complaint as true, and draws all reasonable inferences in favor of the non-movant. See Still v. DeBuono, 101 F.3d 888, 891 (2d Cir.1996). The complaint will only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998) (internal quotations and citations omitted).

Plaintiff's ERISA claim arises under 29 U.S.C. §§ 1024(b)(4) & 1132(c). Section

---

4. ERISA's venue provision, 29 U.S.C. § 1132(e)(2), provides that an ERISA claim may be brought: (1) in the district where the plan is administered; (2) where the breach of the ERISA statute occurred; (3) or where the defendant resides or may be found.

5. PDK's motion to dismiss for improper venue under Rule 12(b)(3), F.R.Civ.P., places the burden on plaintiff to show that venue properly lies before this court. See Rothstein v. Carriere, 41 F.Supp.2d 381, 385 (E.D.N.Y.1999). In contrast, defendant's motion requesting transfer of venue under 28 U.S.C. § 1406(a) places the burden on defendant to show that a venue change is required. Id. at 388. The differences in the burdens of proof under each motion are not discussed here, as the court has concluded that PDK has waived its right to raise any venue defense at this stage of the litigation. See Altman v. Liberty Equities Corp., 322 F.Supp. 377, 378–79 (S.D.N.Y. 1971) (Tyler, J.)

1024(b)(4) provides "that an administrator of an employee benefits plan shall, upon written request of any participant, furnish a copy of the latest updated summary plan description." *See Lacoparra v. Pergament Home Centers, Inc.,* 982 F.Supp. 213, 228 (S.D.N.Y. 1997) (Connor, J.). Section 1132(c) "provides that an administrator who fails or refuses to comply with such a request within 30 days may, in the court's discretion, be held personally liable to the participant." *Id.*

PDK argues that plaintiff's claim should be dismissed because he did not request a copy of the retirement plan from the plan administrator as required by section 1024(b)(4), but rather mailed letters requesting plan information to PDK's counsel. The Second Circuit has not directly addressed the question of whether a letter to the plan administrator's counsel is a proper request for plan information under 29 U.S.C. § 1024(b)(4). *Cf. Long Island Lighting Co. v. Becher,* 129 F.3d 268 (2d Cir.1997) (recognizing that plan participants should be able to access information about the plan administrator's fiduciary duties from the plan administrator's counsel). However, the Tenth Circuit has explicitly held that when a participant requests plan information from the attorney for the retirement plan or other personnel who routinely handle the retirement plan's business, this request should be treated as though it were given directly to the plan administrator. *See Boone v. Leavenworth Anesthesia, Inc.,* 20 F.3d 1108, 1109–10 (10th Cir.1994); *McKinsey v. Sentry Ins.,* 986 F.2d 401, 404–05 (10th Cir.1993).

■ These legal precedents indicate that plaintiff's letters to PDK's counsel may have been proper requests for plan information under 29 U.S.C. § 1024(b)(4); however, further discovery is needed to determine whether the PDK lawyer that plaintiff sent his information requests to was, at that time, serving as PDK's retirement plan counsel or routinely handling the retirement plan's business. Given the need for further evidentiary

development of this issue, the court will not dismiss on this ground.

Defendant also argues that plaintiff's claim should be dismissed because his complaint does not provide allegations regarding the two primary factors that would entitle him to statutory penalties under section 1024(b)(4): prejudice from the defendant's delay in providing the retirement plan information, and proof that defendant acted in bad faith.[6] *See Lacoparra,* 982 F.Supp. at 229.

Prejudice and bad faith are important criteria for determining whether a plaintiff is entitled to ERISA penalties; however, courts weigh other considerations as well. *See Pagovich v. Moskowitz,* 865 F.Supp. 130, 137 (S.D.N.Y.1994) (Haight, J.). Some courts examine "the length of the delay, the number of requests made, the documents withheld, and the existence of any prejudice to the participant or beneficiary." *Id.* Other courts consider the length of the administrator's delay, the number of requests for information made, the deliberate conduct of the administrator, and whether the administrator offered a reasonable excuse for the delay. *See Lacoparra,* 982 F.Supp. at 229.

■ In the court's view, plaintiff's complaint contains sufficient allegations to establish that he could prevail on his claim for ERISA penalties. Plaintiff has alleged that he mailed two requests for plan information to the plan administrator's counsel which were largely ignored; these facts can be used to show that the administrator acted in bad faith. *See Lacoparra,* 982 F.Supp. at 229. Plaintiff's complaint also indicates that PDK has offered no explanation for why it did not timely supply plaintiff with a copy of the retirement plan, another factor that supports a finding of bad faith. *See Pagovich,* 865 F.Supp. at 138. Plaintiff also offered facts indicating that he suffered prejudice: he alleged that he was not provided with plan information until after he filed an ERISA claim, *see Lacoparra,* 982 F.Supp. at 229, and that the plan administrator delayed providing

---

6. Defendant argues that plaintiff has already received the plan information he requested and therefore his claim is moot. (Def. Mem. at 11.) However, the facts alleged in plaintiff's complaint indicate that plaintiff had to instigate liti-

gation to receive plan information and, if proven, this factor would entitle him to penalty payments under 29 U.S.C. § 1132(c). *See Lacoparra v. Pergament Home Centers, Inc.,* 982 F.Supp. 213, 230 (S.D.N.Y.1997) (Connor, J.).

him with plan information for 445 days.[7] *See id.* (recognizing that proof of extreme delay establishes prejudice). These facts are sufficient to establish that plaintiff could prevail on his claim for ERISA penalties, and therefore the court denies defendant's motion to dismiss plaintiff's complaint for failure to state a claim.

## IV. Reimbursement for Costs, Expenses and Attorneys Fees

PDK also argues that, pursuant to 29 U.S.C. § 1132, the court should award it attorney's fees and costs for defending against plaintiff's claims. However, 29 U.S.C. § 1132 only authorizes an award of attorney's fees to the prevailing party in an ERISA action. Given the court's finding that plaintiff has shown that he could prevail on his ERISA claim, defendant's request for relief is premature, and therefore must be denied.

## V. Conclusion

For the foregoing reasons, defendant PDK's motion to dismiss plaintiff's claims for insufficient service of process, improper venue, and failure to state a claim is denied, and its motion to have this matter transferred to the Eastern District of New York is denied. Additionally, the court denies defendant's request for attorney's fees. Plaintiff must establish in further proceedings that the letters his lawyer sent to PDK requesting plan information were sent to the proper party.

IT IS SO ORDERED.

---

**7.** PDK claims that plaintiff's prior access to retirement plan information prohibits him from claiming that the ERISA plan administrator's failure to provide him with the documents he requested was an ERISA violation. However, even if the court assumed that plaintiff was given a copy of the plan in January 1995, and that plaintiff had access to the plan during the period he served as Plan Trustee, these facts are insuffi-

cient to show that plaintiff's right to plan information under 29 U.S.C. § 1024(b)(4) was properly respected. For section 1024(b)(4) requires that plaintiff be given, "the latest updated summary plan description" and defendant has not shown that the older retirement plan documents plaintiff had access to supplied him with current information.